**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **GLENN SHACKLEFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-01095** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE CARLE FOUNDATION d/b/a CARLE** | ) | |
| **HEALTH,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Glenn Shackleford ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The Carle Foundation d/b/a Carle Health ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.    This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendant's race-based discrimination, race-based harassment, and retaliation under Title VII.

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.    Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent have been fulfilled or been complied with.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff, Glenn Shackleford, resides in McLean County, Illinois.

9.      At all times material to the allegations in this Complaint, Defendant, The Carle Foundation d/b/a Carle Health is a corporation doing business in and for McLean County, Illinois, whose address is 1304 Franklin Avenue, Normal, Illinois 61761.

10.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.      Plaintiff worked for Defendant as a Security Guard from May 2022 through March 21, 2023.

13.      Since at least January, 2023 through March 21, 2023, Defendant has subjected

Plaintiff to different terms and conditions of employment than others not within his protected class violating Title VII and Section 1981.

14.    Plaintiff is African American and is a member of a protected class because of his race.

15.    Defendant subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

16.    Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

17.    In or around January, 2023 and while on his shift, Plaintiff witnessed a Caucasian Charge Nurse (NU) ("Charge Nurse") involved in a physical altercation with a patient.

18.    Due to the severity of the altercation, Plaintiff intervened as a part of his job duties as a security guard.

19.    Thereafter, the Charge Nurse informed Plaintiff that she did not "agree with the way" Plaintiff handled the "situation," indicating that Plaintiff should have been more physical with the patient.

20.    Plaintiff responded to the Charge Nurse and asked "What would happen if we hurt the patient?" The Charge Nurse responded to Plaintiff with a racially-charged statement, "That's why George Floyd was hurt."

21.    The Charge Nurse further stated to Plaintiff that he (Plaintiff) did not have the "right skin tone."

22.    Because of the Charge Nurse's discriminatory statements, Plaintiff immediately reported the Charge Nurse to Defendant's Security Coordinator.

23.     Despite Plaintiff's complaint of race discrimination, his concerns were ultimately ignored.

24.     In or around February, 2023 and because Defendant failed to take any remedial action on behalf of Plaintiff, he reported his complaints to another one of Defendant's supervisors.

25.     However, in response to Plaintiff's complaints, Defendant's Security Coordinator targeted him and instructed Plaintiff "to not complain so much," effectively deterring him from engaging in a protected activity.

26.     A week following Plaintiff's complaints, the Defendant retaliated against him by issuing him a pre-textual corrective action.

27.     Plaintiff learned later that he was the only one to receive a corrective action, despite other employees engaging in similar conduct.

28.     On or around February 26, 2023, Plaintiff submitted a written complaint to Defendant's Human Resources Department regarding the discrimination and retaliation he was being subjected to during his employment.

29.     Defendant advised Plaintiff they would conduct an investigation into his complaints; however, three days later Defendant told Plaintiff the issue had been resolved.

30.     Defendant never interviewed Plaintiff as part of its purported investigation.

31.     Following Defendant's purported investigation into Plaintiff's complaints, Defendant's Security Coordinator informed Plaintiff that his employment would soon be terminated.

32.     On or around March 14, 2023, Defendant's Security Coordinator advised Plaintiff that "everything would be taken care of," regarding his concerns.

33.    However, on March 20, 2023, the same Security Coordinator informed Plaintiff that his employment would be terminated on March 21, 2023 due to an investigation that Plaintiff was never previously informed of.

34.    Thereafter, Plaintiff contacted Defendant's Human Resources Department regarding his unlawful termination.

35.    Plaintiff was informed by Defendant's Human Resources Department that his complaints regarding race discrimination and retaliation were never submitted and the Security Coordinator requested his termination.

36.    Plaintiff was targeted by Defendant for termination because of his race.

37.    Plaintiff was unlawfully terminated because of his race, (African-American) and for engaging in a protected activity.

38.    Defendant's justification for termination is pretext for unlawful discrimination and retaliation.

39.    Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

40.    Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

41.    There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to because the employer knew or should have known of the harassment and because Defendant's supervisors and managers engaged in the harassing and discriminating conduct.

42.    Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his supervisor about the harassment.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race-Based Discrimination)**

43.　　Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44.　　Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

45.　　Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

46.　　Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

47.　　Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

48.　　As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Race-Based Discrimination)**

49.　　Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

6

50.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51.    Plaintiff met or exceeded performance expectations.

52.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

54.    Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

55.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
**Violation of Title VII of The Civil Rights Act of 1964**
**(Race-Based Harassment)**

57.    Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

58.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59.    Defendant knew or should have known of the harassment.

60.    The race-based harassment was severe or pervasive.

61.    The race-based harassment was offensive subjectively and objectively.

7

62.    The race-based harassment was unwelcomed.

63.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

64.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

65.    As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Color-Based Discrimination)**

66.    Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

67.    By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's color, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

68.    Plaintiff met or exceeded performance expectations.

69.    Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

70.    Defendant terminated Plaintiff's employment on the basis of Plaintiff's color.

71.    Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's color.

72.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

73.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits

and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT V**</u>
**Violation of Title VII of The Civil Rights Act of 1964**
**(Color-Based Harassment)**

74.    Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

75.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to color-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

76.    Defendant knew or should have known of the harassment.

77.    The color-based harassment was severe or pervasive.

78.    The color-based harassment was offensive subjectively and objectively.

79.    The color-based harassment was unwelcomed.

80.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., due to Plaintiff's color.

81.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

82.    As a direct and proximate result of the color-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT VI**</u>
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

83.    Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

84.    Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, et seq.

85.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted harassment and discrimination based on Plaintiff's race or color.

86.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

87.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of discrimination or harassment.

88.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

89.     Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

90.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

91.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

92.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

c.    Compensatory and punitive damages;

d.    Front pay;

e.    Reasonable attorneys' fees and costs;

f.    Award pre-judgment interest if applicable; and

g.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of February, 2024.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8181
Fax (630) 575 - 8188
tlampert@sulaimanlaw.com
*Attorneys for Plaintiff*